## COMMERCIAL BANKING CORPORATION v. INDEMNITY INS. CO. OF NORTH AMERICA et al.

### No. 673.

District Court, E. D. Pennsylvania.

Sept. 3, 1940.

Horace Michener Schell and William Potter Davis, Jr., both of Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, of Philadelphia, Pa., for defendant.

Earl V. McLaughlin, of Scranton, Pa., for third party defendant.

BARD, District Judge.

This is a motion by the plaintiff for severance of the trial of the issues in the instant case in accordance with Rule 42(b) of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The action originally was brought by the Commercial Banking Corporation against the Indemnity Insurance Company of North America seeking recovery on a fidelity suretyship bond issued by the latter and indemnifying the plaintiff against any direct loss sustained "Through any dishonest act, wherever committed, of any of the Employes". The complaint enumerates various sums allegedly collected by one Richard O'Hora, averredly an agent of plaintiff, and fraudulently withheld by him and appropriated to his own use. The answer of the Indemnity company, inter alia, denies (1) the correctness of most of the items of collection set forth in the complaint, (2) that those collected were misappropriated, (3) that, at the time of the alleged misappropriations, the relationship between the plaintiff and O'Hora was that of employer and employee and (4) alleges, in detail, a large indebtedness of plaintiff to O'Hora for commissions and reimbursements of expenditures forming the basis of a set-off by O'Hora against collections made. The answer of O'Hora, joined by the Indemnity company as a third party defendant, is substantially the same as the foregoing but contains a distinct and separate counterclaim for various items of compensation and reimbursements due which exceed, to the extent of $5,751.30, those amounts admittedly collected. Plaintiff failed to reply to the counterclaim of O'Hora seeking, instead, a prior severance of the trial of the issues as follows: "(a) The issues raised by the complaint and answer of the Indemnity Insurance Company of North America; (b) the issues raised by the third-party pleading of the defendant Indemnity Insurance Company of North America against O'Hora; (c) the issues raised by the counterclaim of O'Hora against the plaintiff and the answer thereto to be filed".

Under Rule 42(b), "the court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue * * *." As applied to the instant case, it is difficult to perceive how convenience would be furthered or what prejudice would be avoided by a severance in accordance with the instant motion.

Plaintiff seeks to recover for losses allegedly sustained by virtue of the "dishonesty" of O'Hora. The defendant Indemnity company, inter alia, denies that the suretyship bond applied to O'Hora or that the alleged acts of appropriation were dishonest. The action of the Indemnity company against O'Hora merely involves the liability over of the latter and the issues here are identical. O'Hora's answer is substantially the same as that of the Indemnity company, excepting that it contains a separate and distinct counterclaim for amounts allegedly due him by way of compensation and reimbursement of expenditures made in the furtherance of plaintiff's business and, in many instances, at the special direction of the plaintiff. According to O'Hora, these amounts exceed collections retained to the extent of $5,751.30.

Plaintiff's motion for severance is predicated upon the conclusion that the issues raised in O'Hora's counterclaim are entirely distinct from those involved in its action against the Indemnity company. With this conclusion I am unable to agree. The answers of both the Indemnity company and O'Hora deny any dishonesty in the latter's failure to remit certain sums collected. In this regard, the Indemnity company alleges that the collections were used for plaintiff's own benefit and for re-

382

imbursements due O'Hora. For the same reasons, O'Hora denies any alleged act of dishonesty and, further, by way of counterclaim, seeks affirmative relief to the extent that the plaintiff's indebtedness to him exceeds these collections. For an act to be "dishonest" within the meaning of a fidelity suretyship bond, there must exist the element of moral turpitude or want of integrity. Erie Trust Company Bank v. Employers' Liability Assurance Corp., 322 Pa. 132, 136, 185 A. 224, 225; Miners Savings Bank of Pittston v. Royal Indemnity Co., 336 Pa. 428, 431, 9 A.2d 543, 544. In considering a similar contract of indemnity, in World Exchange Bank v. Commercial Casualty Ins. Co., 255 N.Y. 1, 173 N.E. 902, 903, the late Justice (then Chief Judge) Cardozo declared: "Dishonesty, unlike embezzlement or larceny, is not a term of art. Even so, the measure of its meaning is not a standard of perfection, but an infirmity of purpose so opprobrious or furtive as to be fairly characterized as dishonest in the common speech of men".

As applied to the instant case, it is evident that the allegations of both the counterclaim of O'Hora and the answer of the Indemnity company involve the same issue relating to the losses allegedly suffered by virtue of the dishonesty of O'Hora's conduct in that both aver the application of the sums collected to plaintiff's use and benefit. In this regard, the testimony to be adduced at the trial most likely will be given by the same witnesses. In sum, both convenience and economy would appear to be furthered by a single trial on all of the issues.

Accordingly, plaintiff's motion for separate trials hereby is denied, and the plaintiff is directed to file a reply to the third party defendant's counterclaim.